UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAN PETERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO.: 3:15-CV-199-TLS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Dan Peterson, a *pro se* prisoner, filed a Petition for Writ of Habeas Corpus [ECF No. 1] challenging a prison disciplinary hearing. On December 21, 2014, a hearing officer at the Plainfield Correctional Facility ("Plainfield") found Peterson guilty of possessing a cell phone under cause number IYC-14-12-0250. The charges were initiated on December 22, 2014, when Officer Harris wrote a conduct report stating as follows:

> On 12/21/14 approximately 2:45 am I, Officer K. Harris, was conducting a frisk search of Offender Peterson, Dan #988303 (E3-6L). Upon searching Offender Peterson's left leg I noticed that he had his hands tucked into his pants. When I began to search Offender Peterson's right leg he quickly removed his hands from his pants and I clearly observed him toss a cellular telephone towards the nearby wall. I immediately recovered the cellular telephone and secured the device on my person. Offender Peterson was then escorted out of the unit and strip searched and no other contraband was found. The item was then taken to the shift office for photographs and submitted into I.A. evidence locker #200. When Offender Peterson was question[ed] about the above statement he said, "You found the phone in a common area." Offender Peterson was issued a Notice of Confiscated [Property] Form which he refused to sign.

(Report of Conduct, ECF No. 6-1.)

The Screening Report [ECF No. 6-4] reflects that he was notified of the offense on January 4, 2015, and pled not guilty, requested a lay advocate, and requested witness statements from Offenders Sturgis, Edwards, and Counselor Lodics. In addition, Peterson requested that the

hearing officer view surveillance video. The requested written statements were collected. Offender Sturgis stated, "When officers come in to wake me I threw a cell phone from my bunk." (Notice to Sturgis, ECF No. 6-7.) Offender Edwards stated, "IDK," presumably shorthand for "I don't know." (Notice to Edwards, ECF No. 6-8.) And, in response to Peterson's question whether Sturgis had told Counselor Lodics that Sturgis had thrown a phone, Counselor Lodics stated, "Yes, [Sturgis] woke up in a panic during a shakedown to find a cell phone on his mattress. Out of fear he said he threw the phone onto Mr. Peterson's bed." (Notice to Lodics, ECF No. 6-9.) The hearing officer attempted to view the video, but was unable to due to a system malfunction. (Report of Disciplinary Hr'g Video Evid., ECF No. 6-10.)

On January 22, 2015, a hearing officer conducted a disciplinary hearing. (Report of Disciplinary Hr'g, ECF No. 6-6.) Peterson stated, "I did not possess the phone . . . it was Sturgis's phone . . . he was the one they went to search." (*Id.*) After considering the conduct report, the confiscation form, a photo of the cell phone, Peterson's statements and the witness statements, the hearing officer found Peterson guilty, and imposed a sanction of a credit class demotion from credit class I to class II and 120 days lost of good-time credit. Peterson's appeals to the facility head and the final reviewing authority were denied. (Appeal Review Letter, ECF No. 6-13.)

Peterson raises four claims in his Petition for Writ of Habeas Corpus [ECF No. 1]. First, he asserts that the hearing officer was not impartial, contending that he had "already made his mind up" before the hearing. (Pet. 4, ECF No. 1.) "Adjudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). Due process is satisfied so long as no member of the disciplinary board was involved in the investigation or prosecution of the

particular case, or had any other form of personal involvement in the case. *Id.* at 667. Here, there are no allegations that the hearing officer had any such involvement. Moreover, while Peterson complains that the hearing officer was biased, he has failed to provide any evidence to substantiate such a claim. As a result, this claim cannot provide habeas relief.

Second, Peterson asserts that because the surveillance video was inconclusive, the hearing officer could not find him guilty. (Pet. 4.) In other words, there was insufficient evidence to support the hearing officer's determination. In reviewing a hearing officer's decision, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985). The court will overturn the hearing officer's decision based on insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Contrary to Peterson's argument, there is no constitutional requirement that there be video evidence supporting the hearing officer's determination. As stated above, the question for this Court is whether there is *any* evidence in the record to support the hearing officer's conclusion. The Court finds that there was sufficient evidence to support the hearing officer's conclusion, including a conduct report and a photograph of the cellular telephone. *See McPherson*, 188 F.3d 786 (conduct report alone provided "some evidence" to support disciplinary determination). Although Peterson vigorously denies that the phone belonged to him

3

and asserts that it belonged to his cellmate, it is not the province of this court to reweigh the evidence or make its own determination regarding the credibility of the witnesses. *Id.* Because there is some evidence to support the hearing officer's determination that Peterson possessed a cellular telephone, there is no basis for granting habeas relief on this ground.

Third, Peterson claims that the hearing officer's written decision was inadequate because it failed to explain why he was found guilty. (Pet. 5.) The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the hearing officer's report indicated that he considered the conduct report, the confiscation form, the photograph of the phone, Peterson's statement, the witness statements, and the failed video review. His statement is not lengthy, but there is no mystery here. The hearing officer adequately identified the evidence relied on for his decision and it is clear that he chose to credit Officer Harris' account over Peterson's denials. The written statement the hearing officer provided satisfied the minimal requirements of due process, and therefore this claim is denied.

Finally, Peterson generally alleges that his due process rights were violated. (Pet. 5–6.) However, he fails to explain precisely why he believes his rights were violated. Where prisoners lose good time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges, (2) an opportunity to be heard before an impartial decision maker, (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals, and (4) a written statement by a factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Hill*, 472 U.S.

at 455. Upon review, it is clear that Peterson received these protections. Thus, there is no basis for habeas relief.

For the foregoing reasons, the Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

SO ORDERED on October 24, 2016.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT<br>
FORT WAYNE DIVISION